UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICARDO AGRAMONTE,

                              Plaintiff,                  Civil Action No.
                                                      9:21-CV-0866
             v.                                       (BKS/TWD)

B. SMITH, et al.,

                              Defendants.
_____

APPEARANCES:                                                      OF COUNSEL:

RICARDO AGRAMONTE
91-A-8004
Plaintiff, pro se
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051

BRENDA K. SANNES
United States District Judge

## DECISION AND ORDER

### I.    INTRODUCTION

Pro se plaintiff Ricardo Agramonte ("plaintiff"), an inmate currently in the custody of the New York State Department of Corrections and Community Supervision, commenced this action on or about August 2, 2021, by filing a complaint. Dkt. No. 1. After the Court received plaintiff's completed application to proceed in the action in forma pauperis ("IFP"), Dkt. No. 11, the Court issued a Decision and Order on February 28, 2022, granting the IFP application and conditionally dismissing the complaint without prejudice unless plaintiff filed, within thirty days, an amended complaint that cured the pleading defects. *See* Dkt. No. 12 ("February Order"). On May 10, 2022, having not received an amended complaint or any further

communications from plaintiff, the Clerk of the Court entered Judgment dismissing the action pursuant to the February Order.  Dkt. No. 14 ("Judgment").

Currently pending before the Court is plaintiff's motion for relief from the Judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure, which was received by the Court on June 3, 2022.  Dkt. No. 15 ("Reconsideration Motion").  For the reasons set forth below, the motion is denied.

## II.  DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure sets forth six grounds upon which relief from a judgment or order may be granted.  Fed. R. Civ. P. 60(b).  Specifically, a court may relieve a party from a judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) for any other reason that justifies relief.  *Id*.  "Rule 60(b) was intended to preserve the delicate balance between the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts."  *Esposito v. New York*, No. 07-CV-11612, 2010 WL 4261396, at *1 (S.D.N.Y. Oct. 25, 2010) (internal quotation marks omitted).  Rule 60(b) provides "extraordinary judicial relief" that should be granted "only upon a showing of exceptional circumstances."  *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *accord, Barton v. Troy Annual Conf.*, No. 09-CV-0063, 2011 WL 5325623, at *2 (N.D.N.Y. Nov. 3, 2011).

Plaintiff's motion provides no basis for the relief plaintiff seeks.  In support of his motion, plaintiff explains that he is an incarcerated litigant with limited education and access to the law library.  Reconsideration Motion at 1.  Plaintiff also states that, although he can

speak, read, and write English, his first language is Spanish and therefore relies on others to assist him when drafting legal documents. *Id.* With due regard for plaintiff's pro se status, the foregoing explanation is not sufficient to grant relief from the Judgment under Rule 60. The circumstances described by plaintiff are not unlike those many incarcerated litigants face, and they do not provide any basis for excusing plaintiff's failure to file an amended complaint by the Court's deadline. As indicated above in Part I of this Decision and Order, the Court held the action open for an additional month and a half beyond the expiration of the deadline before entering Judgment out of special solicitude to plaintiff's status as a pro se, incarcerated litigant. The Clerk entered Judgment only after plaintiff failed to file an amended complaint (or otherwise communicate with the Court) for two and a half months after the issuance of the February Order.

Because plaintiff's current motion does not provide any legal basis for vacating the Judgment, the motion is denied.[1] *See, e.g., Cortes v. Dep't of Corrs.*, No. 18-CV-0923, 2019 WL 8513484, at *2 (D. Conn. Feb. 22, 2019) (denying the plaintiff's motion for reconsideration of the Court's sua sponte order dismissing the complaint pursuant to 28 U.S.C. § 1915A because the motion was untimely and the plaintiff "ma[de] no argument that the Court overlooked any law or facts or any other argument which would entitle him to the relief requested under Rule 60 [or the court's local rules]").

---

[1] Although plaintiff's motion for relief from the Judgment is denied, because the complaint in this action was dismissed without prejudice, it is possible that plaintiff may file a new action in this District arising from the same series of events as those alleged in his complaint. The Court expresses no opinion as to the merits of a new action if filed, including whether the applicable statute of limitations has expired, which may bar all or some causes of action plaintiff may assert in that new action.

3

**III.      CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for relief from the Judgment (Dkt. No. 15) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order and any unreported cases cited to in this Decision and Order on plaintiff in accordance with the Local Rules of Practice for this Court.

**IT IS SO ORDERED.**

Dated: July 26, 2022

Brenda K. Sannes
U.S. District Judge